BRUNSWICK CORPORATION, Plaintiff-Appellant, *v.* OUTBOARD MARINE CORPORATION *et al.*, Defendants-Appellees.

Second District   Nos. 77-571, 78-355 cons.

Opinion filed March 14, 1979.—Rehearing denied April 5, 1979.

Lewis D. Clarke, Jr., of Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, and William T. Braithwaite and Robert L. Stern, both of Mayer, Brown & Platt, of Chicago, for appellant.

Brydges, Riseborough & Morris and R. Warren Comstock, both of Waukegan, and Michael, Best & Friedrich, of Milwaukee, Wisconsin, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This appeal arises from an action brought by the Brunswick Corporation to enjoin a former employee, Ronald R. Anderson, from disclosing certain alleged trade secrets of its Mercury Marine Division and, in addition, to enjoin Outboard Marine Corporation from utilizing any of those alleged trade secrets which it may have already obtained, or may in the future obtain, from Anderson, who is now in the employ of Outboard Marine. In the trial court an order was entered on November 14, 1977, which disposed of various motions made by both parties. In pertinent part that order granted the defendants summary judgment with respect to any injunction sought by the plaintiff. While the record before us is somewhat confused, it is clear that Brunswick is appealing from that grant of summary judgment with an express written finding that there is no just reason for delaying enforcement or appeal under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)).

In the appeal before us both parties have raised numerous issues of both procedure and substance. However, after a careful examination of the record, we conclude that a ruling upon the propriety of summary judgment for the defendants would dispose of this appeal and sufficiently guide the further actions of the trial court. Accordingly, we will limit ourselves solely to the summary judgment and the interpretation of the law upon which it was based and will not pass upon the other issues that have been raised.

The issue before this court is whether an action will lie to enjoin the use of trade secrets where the defendant, without the actual knowledge of the plaintiff, allegedly possessed but did not make use of those secrets for a period in excess of that time in which it could have developed them lawfully.

At trial, as well as on appeal, the defendants have relied upon the case of *Northern Petrochemical Co. v. Tomlinson* (7th Cir. 1973), 484 F.2d 1057. In *Northern*, a diversity case governed by Illinois law, the Federal court interpreted *ILG Industries, Inc. v. Scott* (1971), 49 Ill. 2d 88, 273 N.E.2d 393, and *Schulenburg v. Signatrol, Inc.* (1965), 33 Ill. 2d 379, 212 N.E.2d 865, to mean that an abstention by a thief from the use of a trade secret for a period in which it could have been developed lawfully prevented the victim from enjoining that use at a later time. The Seventh Circuit Court of Appeals specifically stated that:

> "By the rationale of *Schulenburg* and *I.L.G.*, Northern is as well compensated for the allegedly tortious activity of Frank and Tomlinson by having Surfact voluntarily abstain from competition as by having Surfact ordered to abstain therefrom, and this is true no matter what reason the tortfeasors may have had for failing to go into production." (484 F.2d 1057, 1061.)

Relying on this interpretation as controlling, the trial court found that Outboard Marine Corporation had obtained the alleged trade secrets from another former Brunswick employee over 12 months prior to hiring Anderson in December 1976. The court also found that the time period which would have been needed for the defendant to obtain the information by lawful means was at most 12 months and that Outboard Marine Corporation did not use the alleged secrets it had obtained until July 1977. It concluded, therefore, that that action was barred.

■◀█ We have carefully examined the *Northern* opinion and the Illinois cases cited therein. We have also reviewed the history and development of trade secret law in Illinois as expressed by our courts. As a result of that review we can state with assurance that there is no basis in Illinois law for the "rationale" discovered by the Federal Court of Appeals in *Northern*. Furthermore, it is clear to us that the Federal court confused the issue of the extent of the available remedy with the issue of liability itself. In

Illinois a trade secret action is based in equity and is intended to prevent the unjust enrichment of an unfair competitor or of an untrustworthy employee. However, the victim is precluded from recovering monetary damages in any form but the court can and will enjoin the use of the wrongfully obtained secret. In *Schulenburg* and *ILG*, the length of that injunction has been held to properly be, where ascertainable, the length of time necessary for the defendant to copy or develop the secret by lawful means. We note that the injunctive relief is in the nature of a civil punishment to preserve "commercial morality" and that it is not restitution. Therefore, for this action to be effective, it is clear that a period of inactivity by the thief, voluntary or otherwise, cannot vitiate his liability, although it may mitigate the remedy imposed. Accordingly, we hold that as a matter of law, the trial court erred in following the holding in *Northern* by granting summary judgment for the defendant.

The other issues raised by both parties on this appeal may be disposed of by the trial court as a consequence of our holding here and, although we have reviewed those issues, we will neither enumerate nor pass on their merits herein. Accordingly, we reverse the order of the trial court of November 14, 1977, and remand this issue for further proceedings not inconsistent with this opinion.

Reversed and remanded.

RECHENMACHER and WOODWARD, JJ., concur.